IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

RENALDO ABDUL WATKINS,

                Plaintiff,

v.

JON M. THEISEN, DAN HANNIFEN,
RENEE WATKINS, and TIM SULLIVAN,

                Defendants.

OPINION & ORDER

15-cv-573-jdp

---

*Pro se* plaintiff Renaldo Watkins has filed a proposed complaint against four individuals for their involvement in enforcing plaintiff's child support obligations. Dkt. 1. Plaintiff alleges that defendants have threatened him with arrest and jail time, denied him legal representation, and violated plaintiff's other rights. The court granted plaintiff leave to proceed without prepayment of his filing fees. Dkt. 3.

The next step in this case is for me to screen plaintiff's complaint and dismiss any portion that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for monetary damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. § 1915. In screening any *pro se* litigant's complaint, I must read the allegations of the complaint generously. *Haines v. Kerner*, 404 U.S. 519, 521 (1972). After reviewing the complaint with this principle in mind, I conclude that plaintiff has not provided a short and plain statement of a claim. I will therefore dismiss plaintiff's complaint for failure to comply with Federal Rule of Civil Procedure 8. I will allow plaintiff an opportunity to amend his complaint as to three of the defendants, but I will dismiss one defendant who enjoys absolute immunity from suit.

ALLEGATIONS OF FACT

Plaintiff's complaint provides only a few factual allegations, and the precise nature of his claim is not clear. He does not, for example, explain who most of the defendants are, nor does he allege how they were specifically involved in violating plaintiff's rights.[1]

Plaintiff alleges that on August 17, 2015, defendant Jon M. Theisen, a judge of the Wisconsin Circuit Court for Eau Claire County, threatened him with 180 days in jail for failure to pay child support. This threat occurred shortly after plaintiff had finished serving 90 days for failing to pay child support. According to plaintiff, he had recently been in an accident, and so he was unable to pay his child support obligations. But Theisen did not believe plaintiff's excuse.

Plaintiff does not explain how any of the remaining defendants were involved in this case. His complaint alludes to threatening letters and alleges that he was denied legal representation. Plaintiff also states that the defendants violated his "God-giv[en] rights," Dkt. 1, at 3, but he does not explain what those rights were or how defendants violated them. For relief, plaintiff asks that the harassment stop and that he be compensated for "every day that [he] spent in jail over child support." *Id.* at 4. Plaintiff would also like his child support obligations to stop entirely or for the agency to stop taking 85% of his earnings.

---

[1] Publically available information suggests that defendant Dan Hannifin is a specialist in the Eau Claire County Child Support Agency and that defendant Tim Sullivan is assistant corporation counsel for the agency. Defendant Renee Watkins appears to be plaintiff's ex-wife and the mother of the children for whom plaintiff is ordered to pay support.

ANALYSIS

Plaintiff's complaint suffers from several defects, but I will discuss the three most serious deficiencies. First, under Rule 8(a), a plaintiff in federal court must present "a short and plain statement of the claim showing that [he] is entitled to relief." The purpose of the requirement is "to provide the defendant with 'fair notice' of the claim and its basis." *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). Plaintiff's complaint does not comply with Rule 8. He does not explain what each defendant said or did that was unlawful, nor does he identify the rights that he thinks defendants violated in this case. I will allow plaintiff to amend his complaint to provide these missing details. If plaintiff chooses to amend his complaint, then he should draft it as if he were telling a story to people who know nothing about his situation.

A second problem with plaintiff's complaint is that he appears to be asking me to review a state court order requiring him to pay child support. But the *Rooker-Feldman* doctrine prevents lower federal courts from reviewing state court judgments, no matter how erroneous the state court judgment may be. *Brokaw v. Weaver*, 305 F.3d 660, 664 (7th Cir. 2002). "A state litigant seeking review of a state court judgment must follow the appellate process through the state court system and then directly to the United States Supreme Court." *Kelley v. Med-1 Sols., LLC*, 548 F.3d 600, 603 (7th Cir. 2008). I cannot exercise jurisdiction over a case that is effectively a direct appeal of a state court's child support order, nor would I have the authority to order a state court to adjust the amount of child support that plaintiff must pay. *See Mannix v. Machnik*, 244 F. App'x 37, 39 (7th Cir. 2007). Thus, even if plaintiff chooses to amend his complaint, I may eventually have to dismiss it for lack of subject matter jurisdiction.

The third problem with plaintiff's complaint is that he is suing a state court judge, who enjoys immunity "from liability for damages for acts committed within [his] judicial jurisdiction." *Pierson v. Ray*, 386 U.S. 547, 554 (1967). Judicial immunity "confers complete immunity from suit, not just a mere defense to liability." *Dawson v. Newman*, 419 F.3d 656, 660 (7th Cir. 2005). This means that plaintiff cannot proceed against Theisen with any claim arising out of the judge's official decisions or actions. Thus, although I will permit plaintiff to amend his complaint to state a claim against the remaining defendants, I must dismiss Theisen from this case.

ORDER

IT IS ORDERED that:

1. Plaintiff Renaldo Watkins is DENIED leave to proceed against defendant Jon Theisen, who is dismissed from this case.

2. Plaintiff is DENIED leave to proceed on his claims against defendants Dan Hannifen, Renee Watkins, and Tim Sullivan, and the complaint, Dkt. 1, is DISMISSED for failure to comply with Federal Rule of Civil Procedure 8. Plaintiff may have until November 2, 2015, to file an amended complaint that provides a short and plain statement of a claim against these defendants.

3. If plaintiff fails to timely amend his complaint, then the court will dismiss this action, with prejudice, for failure to state a claim upon which relief can be granted.

Entered October 19, 2015.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge